

### IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| 1) RACHEDE M. WILSON, | ) |
| | ) CJ-2017-04222 |
| Plaintiff, | ) |
| | ) CASE NO. REBECCA NIGHTINGALE |
| vs. | ) |
| | ) |
| 2) WILBANKS METALS, INC., a foreign for profit business, | ) DISTRICT COURT FILED |
| | ) ATTORNEY LIEN CLAIMED |
| Defendant. | ) OCT 25 2017 |
| | ) DON NEWBERRY, Court Clerk STATE OF OKLA. TULSA COUNTY |

### PETITION

COMES NOW Plaintiff, Rachede M. Wilson, through his attorneys of record, Daniel E. Smolen and Lauren G. Lambright of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against Defendant, Wilbanks Metals, Inc., a foreign for profit corporation, for violations of his constitutionally protected rights arising out of his employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Wilson is a resident of Tulsa County, Oklahoma.

2. Defendant Wilbanks Metals, Inc., is foreign for-profit corporation regularly doing business in Tulsa County, Oklahoma and employs more than fifteen employees.

3. The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa County.

4. This Court has jurisdiction and venue is proper in Tulsa County.



DEFENDANT'S EXHIBIT 1

2017 OCT 25 PM 2: 14
DON NEWBERRY
COURT CLERK

5. Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S. C. §2000e et seq. ("Title VII"), providing relief against discrimination in employment on the basis of race.

6. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981(b).

7. Punitive damages are sought pursuant to 42 U.S.C. § 1981.

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff is an African-American male.

10. Defendant hired Plaintiff through a temporary agency on or around September of 2016. Plaintiff was initially hired to cut scraps.

11. After working for Defendant for a few months, Plaintiff's job duties were changed and he became a Burn Table Operator.

12. After months of satisfactory work performance, Defendant hired Plaintiff as a permanent employee.

13. While employed with Defendant, Plaintiff heard reports of Mike Lowry, the receiving supervisor, using racial slurs at work to describe Defendant's African American employees.

14. Plaintiff submitted to and passed a drug test to become hired permanently.

15. However, about a week after Plaintiff's drug test, there was a workplace accident and Plaintiff submitted to another drug test. During the second drug test, Plaintiff observed the temperature of his urine sample was within the range allowed for the test.

However, a few minutes later he was told the temperature was not within range, but he informed the nurse or tech that the sample had been within range when submitted.

16. Afterwards, the Defendant rejected Plaintiff's drug test and terminated Plaintiff's employment.

17. On March 15, 2017, the Plaintiff's employment was terminated for allegedly failing a random drug test.

18. However, Plaintiff is aware of Caucasian employees, Mike Lowry, Preston Sauer and Kelsi Welch, who failed a drug test while employed with Defendant yet were not discharged from employment as a result.

19. The Plaintiff believes the Defendant wrongfully discriminated against him based on his race.

20. Plaintiff filed a Charge of Discrimination with the EEOC, received a right to sue letter, and this petition is filed within the time limit provided for by law.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

21. Plaintiff incorporates the preceding paragraphs as if realleged.

22. By terminating Plaintiff and treating him differently than similarly situated Caucasian employees, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

    d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981

23. Plaintiff incorporates the preceding paragraphs as if realleged.

24. By terminating Plaintiff and treating him differently than similarly situated Caucasian employees, Defendant has violated 42 U.S.C. § 1981.

WHERFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

    d. His attorney fees and the costs and expenses of this action;

    e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates the preceding paragraphs as if realleged.

26. Defendant's actions of intentional and malicious discrimination and retaliation are extreme and outrageous and have caused severe emotional and psychological damage to Plaintiff.

27. Defendant intentionally or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant his the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, equitable relief, reinstatement, and all other relief deemed appropriate by this Court.

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
Smolen, Smolen, & Roytman, P.L.L.C.
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*